**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| DEBRA A. OFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:18-cv-01543-JHE |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OPINION[1]**

Plaintiff Debra A. Offord ("Offord") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB").  (Doc. 1).  Offord timely pursued and exhausted her administrative remedies.  This case is therefore ripe for review under 42 U.S.C. § 405(g). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **REVERSED** and this action is **REMANDED**.

### I. Factual and Procedural History

Offord protectively filed an application for a period of disability and DIB on July 23, 2015, alleging an onset date of November 1, 2014.  (Tr. 16, 183-84).  On November 5, 2015, the Commissioner denied her claim, (tr. 94-100), and on December 18, 2015, Offord requested a hearing before an ALJ, (tr. 101-02).  On September 7, 2017, the ALJ held a hearing.  (Tr. 32-71).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 13).

The ALJ partially approved Offord's claim on December 22, 2017, finding she had only established disability beginning on July 26, 2016, (tr. 13-31). Offord sought review by the Appeals Council, which denied her request for review on July 25, 2018. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On September 20, 2018, Offord initiated this action. (Doc. 1).

On the date of the ALJ's decision, Offord was fifty-one years old, with a high school education and previous work as a quality control specialist at a bank. (Tr. 183, 198, 238).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity

---

[2] In general, the legal standards applied are the same whether a claimant seeks DIB or supplemental security income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## III. Statutory and Regulatory Framework

To qualify for disability benefits and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;
(2)     whether the claimant has a severe impairment;
(3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4)     whether the claimant can perform his or her past work; and
(5)     whether the claimant is capable of performing any work in the national

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Offord met the insured status requirements of the Social Security Act through December 31, 2020, and that Offord had not engaged in substantial gainful activity since her alleged onset date. (Tr. 18-19). At Step Two, the ALJ found Offord had the following severe impairments: empty sella syndrome, immune thrombocytopenic purpura, status post L5/S1 discectomy, and obesity. (Tr. 19). At Step Three, the ALJ found Offord does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

Before proceeding to Step Four, the ALJ determined Offord's residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined that prior to July 26, 2016, Offord had the RFC

to perform light work as defined in 20 CFR 404.1567(b). The undersigned further finds, however, that the full range of light work that could be performed by the claimant was reduced by the following functional limitations: The claimant required a sit/stand option with the retained ability to stay on or at a work station in no less than 30 minute increments each without significant reduction of remaining on task and she was able to ambulate short distances up to 100 yards per instance on flat hard surfaces. She was able to occasionally use bilateral foot controls. She could occasionally climb ropes and stairs but never climb ladders or scaffolds. She could frequently balance but could only occasionally stoop and never crouch, kneel, or crawl. The claimant could never be exposed to unprotected heights.

(Tr. 21).

At Step Four, the ALJ determined Offord was unable to perform any past relevant work. (Tr. 25). At Step Five, the ALJ determined that, considering Offord's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Offord could perform prior to July 26, 2016. (Tr. 26-27). However, the ALJ concluded that, beginning on July 26, 2016, there were no jobs existing in significant numbers in the national economy that Offord could perform. (Tr. 27). Therefore, the ALJ concluded Offord became disabled on July 26, 2016 and issued a partially favorable decision, approving her claim only for the time period after that date. (Tr. 27).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Offord challenges the Commissioner's decision on six grounds. (Doc. 10 at 15-16). These separate into two categories: (1) the first ground, that the ALJ incorrectly applied the Eleventh Circuit's pain standard to discredit Offord's pain testimony; and (2) the second through sixth grounds, that the ALJ erred in evaluating opinion evidence. (*Id.*). Because the undersigned concludes that the ALJ's failure to properly evaluate opinion evidence requires remand, and that his failure to do so potentially impacted his analysis of Offord's pain testimony, only the second of these is discussed below.

Offord objects to the ALJ's assessment of opinion evidence from five physicians: (1) Dr. Kelli F. Grinder, Offord's treating physician from the Norwood Clinic; (2) Dr. Robert Johnson, Jr., Offord's neurologist; (3) Dr. James Lasker, Offord's oncologist; (4) Dr. Edwin L. Kelsey, Offord's pain management doctor; and (5) Dr. Dallas M. Russell, a consultative medical examiner. (Doc. 10 at 15-17). At a minimum, the undersigned agrees that the ALJ failed to adequately evaluate the opinions of Dr. Grinder.

A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a

6

contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

Here, the ALJ's opinion shows he entirely failed to consider the opinion of Dr. Grinder, Offord's treating physician. The record contains 227 pages of treatment notes from Dr. Grinder— by far the largest individual portion of medical evidence—detailing Offord's treatment history from June 28, 2010, to July 24, 2015. (Tr. 385-611). This includes treatment for low back pain. (*See, e.g.,* tr. 434-36 ("Pt comes in with continued back pain. Just not improving on meds, kenalog shot. Seems like work is making it worse."), 438-39 ("patients [sic] back is still cause [sic] her alot [sic] of pain"), 448). The record also contains a medical source statement from Dr. Grinder dated April 12, 2016, indicating Offord "has continued to be disabled from her back pain. She has lumbar disc disease which causes not only pain but decreased mobility. She has undergone surgery and multiple other nonsurgical approaches, but continues to have chronic pain. This severely limits her in daily activities and work. She is unable to sit, stand, or walk for any length of time." (Tr. 826).

The Commissioner's explanation for this is that the ALJ considered Dr. Grinder's opinion and gave it "some weight," but inadvertently attributed it to Dr. Kelsey. (Doc. 11 at 16 n.5). Thus, the Commissioner argues, the ALJ's failure to specifically address Dr. Grinder's opinion is a harmless, typographical error. (*Id.*). It is true that the ALJ's characterization of the letter he states Dr. Kelsey wrote tracks the substance of Dr. Grinder's medical source statement. (*See* tr. 24). However, to conclude that this is harmless error, the undersigned would have to ignore that the

ALJ references Dr. Grinder *nowhere else in his opinion*, nor did he appear to take into account any of the evidence related to Dr. Grinder's treatment of Offord. This renders suspect the ALJ's rationale that the opinion was "not entirely consistent with the totality of the medical evidence of record prior to July 26, 2016." (Tr. 24). Furthermore, the ALJ references this letter in the context of other opinion evidence from Dr. Kelsey. (Tr. 24). There is no indication that the ALJ took into account any of the regulatory factors in assessing Dr. Grinder's opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) the consistency of the opinion with the record as a whole; (5) the physician's specialization in the medical condition at issue; and, (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). *See also Glass v. Colvin*, No. 1:13-CV-1941, 2014 WL 4715788 *1 (N.D. Ala. Sept. 22, 2014) (holding an ALJ is required to consider factors in the Regulations when weighing any medical opinions). It would be a stretch to conclude that the ALJ truly considered Dr. Grinder's opinion and treatment notes in an individualized manner under these circumstances.

While the ALJ's failure to adequately assess Dr. Grinder's opinion did not necessarily infect his assessment of all of the rest of the opinion evidence Offord cites, the undersigned cannot rule it out either. This is especially salient given the ALJ's repeated reliance on consistency with the medical evidence as a metric for evaluating other opinion evidence. (Tr. 23-34). The undersigned will not guess how the ALJ would have assessed other opinion evidence had he appropriately considered Dr. Grinder's opinion.

As to the appropriate remedy in this case, Offord and the undersigned diverge. Offord argues that the proper remedy for the ALJ's failure to assign weight to Dr. Grinder's opinion is that Dr. Grinder's opinion must be taken as true. (Doc. 10 at 16-17). Offord bases this on

*MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986), a case in which the Eleventh Circuit stated that "[w]here the Secretary has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true."  However, *MacGregor* is of dubious significance, because "earlier decisions [of the Eleventh Circuit] had remanded cases to the agency when there was a failure to provide an adequate credibility determination." *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 835 (11th Cir. 2011) (citing *Owens v. Heckler,* 748 F.2d 1511, 1516 (11th Cir.1984); *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982)).  Under the prior precedent rule, courts in this circuit "are bound by the holding of the first panel to address an issue of law, unless and until it is overruled by this Court sitting *en banc* or the Supreme Court. *Id*. (citing *United States v. Steele,* 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*)).  Accordingly, the appropriate remedy in this case is to remand the case back to the agency to adequately assess the opinion evidence.[4]

On remand, the ALJ should assess Dr. Grinder's opinion as an individual matter.  The ALJ should also take Dr. Grinder's opinion, and the medical evidence related to it, into account in reassessing both other opinion evidence in the record and Offord's pain testimony.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying

---

[4] Offord also argues her pain testimony should have been accepted as true based *MacGregor*.  (Doc. 10 at 15-16).  If the ALJ had considered Dr. Grinder's opinion, he might made a different assessment of Offord's pain testimony.  However, even if the undersigned concluded that the ALJ's pain testimony analysis were not interconnected with the ALJ's assessment of the medical evidence of record, including Dr. Grinder's opinion, the *MacGregor* "accept as true" formulation would not apply to her pain testimony for the same reasons it does not apply to Dr. Grinder's opinion.  Thus, the remedy in either case would be remand.

Offord's claim for a period of disability and DIB is **REVERSED** and this action is **REMANDED**

for proceedings not inconsistent with this opinion.

DONE this 13th day of April, 2020.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE